UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ANGELA FULKS,                                    CASE NO.:

    Plaintiff,

v.

NATIONAL MARINE SUPPLIERS, INC.
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANGELA FULKS, ("Ms. Fulks" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from NATIONAL MARINE SUPPLIERS, INC., ("NMS" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### PARTIES, JURISDICTION, AND VENUE

1.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2.    At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

3. Defendant is a Florida corporation that is located and does business in Broward County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Fort Lauderdale, Broward County, Florida, and therefore the proper venue for this case is the Fort Lauderdale Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's mother suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Fulks worked for NMS from March 31, 2008, until May 22, 2020, most recently as an Accounts Receivable Representative.

8. In March of 2020, due to her mother's deteriorating health and disabling, chronic, serious health conditions, and due to the fact that the hours for her mother's Certified Nursing Assistant had been reduced because the Home Health Care Agency became short-staffed because of the corona/COVID-19 crisis, Ms. Fulks shifted from full-time to part-time employment with NMS.

9. Ms. Fulks's mother suffered a stroke years ago, and suffers from hemiplegia, which has caused lack of mobility and left her bedridden and at risk of suffering falls and sores.

10. Ms. Fulks's mother requires consistent monitoring, observation, wound care, and nutritional oversight.

11. On May 8, 2020, Ms. Fulks's mother was released from a rehabilitation center after a hospitalization.

12. Upon her release, it was determined by the physicians treating Ms. Fulks's mother that she would require twenty-four (24) hour care.

13. On May 11, 2020, Ms. Fulks contacted NMS's Human Resources Department and advised that she would need a leave of absence immediately and that she would submit FMLA paperwork as soon as possible.

14. On May 19, 2020, Ms. Fulks emailed her completed FMLA forms to NMS's Human Resources Department.

15. However, on May 22, 2020, NMS's President, Dean DuToit told Ms. Fulks in a telephone conversation that her employment had been terminated, effective immediately.

16. Mr. DuToit alleged that Ms. Fulks had somehow "abandoned" or even quit her job.

17. Ms. Fulks requested FMLA to take care of her mother, who passed away on August 24th of 2020.

18. NMS took adverse employment action against Ms. Fulks in retaliation for Ms. Fulks requiring and requesting unpaid leave pursuant to the FMLA in order to treat and address her mother's condition.

19. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her use or attempted utilization of FMLA leave, or what should have been FMLA leave.

20. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

21. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

22. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

### COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

24. At all times relevant hereto, Plaintiff was protected by the FMLA.

25. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

26. At all times relevant hereto, Defendant interfered with Plaintiff by repeatedly failing to provide her FMLA paperwork or to advise her of her rights and responsibilities under the FMLA in response to her disclosures regarding her Mother's serious health condition, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

27. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights, or attempting to exercise her rights, pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-22, above.

30. At all times relevant hereto, Plaintiff was protected by the FMLA.

31. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

32. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for using FMLA leave and/or for attempting to utilize what should have been FMLA-protected leave.

33. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised, or attempted to exercise, her rights to take leave pursuant to the FMLA.

34. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for engaging in protected activity under the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 16th day of May, 2022.

Respectfully Submitted,

*/s/ Noah E. Storch*

Noah E. Storch, Esq.

Florida Bar No. 0085476

RICHARD CELLER LEGAL, P.A.

10368 W. SR. 84, Suite 103

Davie, Florida 33324

Telephone: (866) 344-9243

Facsimile: (954) 337-2771

E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*